IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| KELLI DAWN DeFOREST, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JEREMY EDWARD DeFOREST, AND ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF JEREMY EDWARD DeFOREST, DECEASED,<br>　　*Plaintiffs,*<br><br>v.<br><br>ARCHROCK, INC., ARCHROCK GP, LLC, ARCHROCK PARTNERS LP, ARCHROCK SERVICES, LP, ARCHROCK GENERAL PARTNER, LP, ARCHROCK PARTNERS LEASING, LLC, ARCHROCK PARTNERS OPERATING, LLC, ARCHROCK SERVICES LEASING, LLC, WPX, INC., WPX ENERGY PERMIAN, LLC, DEVON ENERGY CORPORATION, SHIRLEY BUCHANAN, and MICHAEL MCGHEE,<br>　　*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-00026 |

## WPX ENERGY PERMIAN, LLC'S NOTICE OF REMOVAL

Defendant, WPX Energy Permian, LLC ("WPX"), gives notice of removal of the civil action pending in the 143rd Judicial District Court, Reeves County, Texas, styled Kelli Dawn DeForest, et al v. Archrock, Inc., et al, under Cause No. 22-06-24447-CVR, to the United States District Court for the Western District of Texas, Pecos Division. Contemporaneously herewith, WPX Permian is filing a Notice of Removal with the 143rd Judicial District Court, Reeves County, Texas, and serving Notice on all parties.

### I.     SERVICE OF PROCESS AND TIMELINESS OF REMOVAL

1.      WPX files this notice of removal under 28 U.S.C. §§1441(a) and (b), based on complete diversity of citizenship. Plaintiffs are all citizens of Texas. WPX is a citizen of Delaware and Oklahoma. Defendant Michael McGee is a citizen of Louisiana.

2.      Plaintiffs filed this case on June 23, 2022. WPX was originally served with process on July 14, 2022. At that time, one of the named and served defendants was Shirley Buchanan, a citizen of Texas. Because Plaintiffs are also citizens of Texas, complete diversity of citizenship did not exist.

3.      Under 28 U.S.C. §1446(c)(1), WPX received a copy of Plaintiff's Notice of Nonsuit with Prejudice of her claims against Shirley Buchanan. This notice constituted a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. §1446(b)(3). Accordingly, WPX's deadline to remove this case to federal court is thirty days after June 27, 2023.

4.      Defendant Michael McGee (misnomered in Plaintiffs' Original Petition as Michael McGhee) was served and has made an appearance through counsel. He consents to removal.

5.      Defendants Devon Energy Corporation and WPX Energy, Inc. (believed to be misnomered as WPX, Inc.) were voluntarily dismissed by Plaintiff on August 19, 2022. Accordingly, their citizenship is not considered in evaluating diversity of citizenship. Although WPX does not believe they are required to consent to removal, they do consent. In addition, they were improperly joined, because they had no involvement with the incident that is the subject of this lawsuit.

6.      The remaining defendants are eight related Archrock entities, all citizens of Texas: Archrock, Inc., Archrock GP, LLC, Archrock Partners LP, Archrock Services, LP, Archrock

General Partner, LP, Archrock Partners Leasing, LLC, Archrock Partners Operating, LLC, Archrock Services Leasing, LLC, WPX, Inc., WPX Energy Permian, LLC, Devon Energy Corporation, Shirley Buchanan, and Michael McGhee. Their citizenship should be disregarded for the purpose of determining the right to remove and diversity jurisdiction because their joinder would be improper. Plaintiffs do not plead sufficient facts against any one of these entities. Instead, the allegations are made collectively, so that it is impossible to determine which entity they refer to.

7.      In addition, on information and belief, Archrock Services, LP (one of the eight related Archrock entities) was DeForest's employer, and is a subscribing employer to the Texas Workers Compensation system. As noted above, it is a citizen of Texas. Its citizenship should be disregarded for the purpose of determining the right to remove and diversity jurisdiction because its joinder would be improper, for another reason. Plaintiffs are limited to recovery of punitive damages from it. Plaintiff did not sufficiently plead facts supporting a claim for gross negligence or any other basis for punitive damages against it.

## II.     BRIEF OVERVIEW OF CASE AND CLAIMS

8.      Plaintiffs are the surviving widow and children of Jeremy DeForest, who died while performing maintenance on a compressor at a compressor station near Pecos, Texas. On information and belief, DeForest was an employee of Archrock Services, LP, which was a subscriber to the Texas Workers Compensation system.

9.      Plaintiffs sued eight presumably related Archrock entities, without identifying which was DeForest's employer. Plaintiffs also sued WPX and two entities related to it. Plaintiffs did not explain the respective roles of any of these parties, other than to say the compressors were "owned by ARCHROCK DEFENDANTS [defined to include all eight Archrock entities], but that

3

were operated in partnership with DEVON DEFENDANTS [defined to include WPX and two related entities] who used [the compressors] for their business operations." *See* Plaintiffs' Original Petition at Paragraph VI.b.  Plaintiffs also sued DeForest's co-worker Michael McGee, and Shirley Buchanan, whom they claimed provided training for DeForest and McGee.

10. Although Plaintiffs' Original Petition does not state it, WPX owned the compressor station.  Related entities Devon Energy Corporation and WPX, Inc. (believed to be a misnomer for WPX Energy, Inc.) had no connection to the incident, and were voluntarily dismissed by Plaintiff from the case on August 19, 2022.

### III. PLAINTIFFS' BAD FAITH PREVENTED REMOVAL OF THIS ACTION

11. Under 28 U.S.C. §1446(c)(1), a case may be removed under 28 U.S.C. §1446(b)(3) on the basis of jurisdiction conferred by 28 U.S.C. §1332 more than one (1) year after commencement of the action if the district court finds that the Plaintiff has acted in bad faith in order to prevent a Defendant from removing the action.

12. Bad faith in preventing a removal action may be construed from the weakness of the claims and the voluntary dismissal of a defendant shortly after the one year removal deadline. *See Hoyt v. Lane Construction*, 927 F.3d 287, 292-93 (5th Cir. 2019) (finding of bad faith upheld after plaintiff pursued claims "halfheartedly" and dismissed a defendant shortly after the one year deadline expired without receiving any consideration).  The court also emphasized the Plaintiff's failure to direct its attention to that defendant in its fact witness list and an expert's report. *Id*.

13. The facts here are very similar to those in *Hoyt*: Plaintiffs dismissed their claims against Buchanan on June 27, 2023, four days after the one year anniversary of the commencement of this action.  Their allegations against Buchanan were cursory: The only mention of Shirley Buchanan, aside from the numerous general allegations against "Defendants," was in Plaintiffs'

4

Allegations of Facts, where they stated "Buchanan provided OSHA and other safety training and consulting to Decedent, MCGHEE and ARCHROCK." *See* Plaintiffs' Original Petition at Paragraph VI.b.  Plaintiffs gave no explanation about whether or how the training was faulty or how it related to the incident in question.  Plaintiffs' Rule 194 disclosures (attached hereto with the declaration of counsel) did not mention any basis for Buchanan's liability.

14. Plaintiffs did not serve Buchanan with any requests for production.  They did send interrogatories.  In her original and amended responses to interrogatories served by Plaintiffs, Buchanan swore she had no knowledge of the incident or of any relevant policies, and that she was no longer employed by Archrock Services, LP at the time of the incident. On April 21, 2023, Buchanan attached an affidavit (attached hereto with the declaration of counsel) to her amended response to interrogatories, explaining her limited role while at Archrock Services, LP, and her lack of knowledge regarding training and safety procedures.  According to her counsel, he offered to present her for deposition, if necessary, but she was never deposed.

15. On May 17, 2023, Plaintiffs deposed Michael McGee, the co-worker of DeForest. He testified Buchanan gave safety training on hydrogen sulfide gas (not relevant to this case) and safety presentations on lockout tagout, but he could not remember any actual training she provided on lockout tagout.  See pages 173-179 of his deposition (attached hereto with the declaration of counsel).  He could not identify any details of the presentations or training, much less any manner in which they were faulty or insufficient.

16. WPX has no information indicating Shirley Buchanan paid Plaintiffs any consideration for dismissing their claims against her.

17. Filed herewith as Exhibit "1" is the declaration of David Pybus, counsel for WPX, attaching the following:

5

    A.  Plaintiffs' Rule 194 disclosures;

    B.  Shirley Buchanan's original and amended interrogatory responses;

    C.  Affidavit of Shirley Buchanan;

    D.  Pages 173-179 of the deposition of Michael McGee, along with the cover and signature pages;

    E.  Relevant Excerpts from Response by Archrock Services, LP to Plaintiffs' Requests for Admission; and

    F.  Relevant Excerpts from Plaintiff Kelli DeForest's Answers to WPX Interrogatories.

18.    As explained by the court in *Hoyt*, the determination of bad faith is a factual one to be made by the court, based on relevant documents and other information. *See Hoyt* at 292-93.

19.    Here, the weakness of Plaintiffs' allegations against Buchanan, their knowledge of her lack of involvement in the incident or any training that would have been relevant to it, and the timing of the voluntary dismissal make the issue of bad faith very similar to the one in *Hoyt*.

### IV.    DIVERSITY JURISDICTION

20.    The United States District Court has original jurisdiction under 28 U.S.C. §1332, based on diversity jurisdiction. This action is removable under 28 U.S.C. §1441(a) and (b). Removal of this action is proper because there is complete diversity of citizenship among all properly-joined parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* Plaintiffs' Original Petition at Paragraph III.a.

21.    Plaintiffs Kelli Dawn Deforest and her children E.D. & H.D., minors, are citizens of Texas.

22.    Defendant WPX is a citizen of Delaware and Oklahoma. It is a limited liability company formed in Delaware with its principal place of business in Oklahoma. The sole member

of WPX is WPX Energy, Inc., which is also a citizen of Delaware and Oklahoma: it is a Delaware corporation with its principal place of business in Oklahoma.

23. Defendants Devon Energy Corporation and WPX, Inc. (a misnomer for WPX Energy, Inc.) are parties related to WPX, but which had no connection to this incident. They were voluntarily dismissed by Plaintiff on August 19, 2022. WPX, Inc. is not an existing entity. Like WPX Energy, Inc., Devon Energy Corporation is a citizen of Delaware and Oklahoma: it is a Delaware corporation with its principal place of business in Oklahoma.

24. The citizenship of parties who were voluntarily dismissed is not considered in evaluating diversity of citizenship. *Johnson v. Winn-Dixie Market Place, #1559*, 2016 WL 8716901, at * 1 (W.D. La. Dec. 9, 2016) ("The citizenship of a defendant voluntarily dismissed from the suit prior to the removal need not be considered in the diversity calculation since a case becomes removable if the plaintiff voluntary dismisses its claims against a nondiverse defendant."), *citing Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). In addition, these related parties were improperly joined, because they had no involvement with the incident that is the subject of this lawsuit. Their citizenship should be disregarded for purposes of determining diversity jurisdiction.

25. Defendant, Michael McGee, is a citizen of Louisiana.

26. As described above, Defendant Shirley Buchanan has been dismissed from the case, and was improperly joined to defeat diversity jurisdiction. Her citizenship should be disregarded for purposes of determining diversity jurisdiction.

27. The remaining defendants are Archrock, Inc., Archrock GP, LLC, Archrock Partners LP, Archrock Services, LP, Archrock General Partner, LP, Archrock Partners Leasing, LLC, Archrock Partners Operating, LLC, Archrock Services Leasing, LLC. As explained further

below, they are improperly joined and their citizenship should be disregarded for purposes of determining diversity jurisdiction.

28.     There is complete diversity of citizenship among Plaintiffs and the properly joined Defendants.

## V. IMPROPER JOINDER OF ARCHROCK AND DEVON DEFENDANTS

### A. The eight Archrock entities are improperly joined because Plaintiffs' global allegations against multiple defendants are insufficient to state a cause of action.

29.     Plaintiffs sued eight Archrock entities and then defined them collectively as the "Archrock Defendants." (See page 1 of Plaintiffs' Original Petition.) Throughout the Petition, they repeatedly refer globally to "Defendants," but never define that term. Plaintiffs' pleadings are insufficient to state a cause of action against the eight Archrock defendants.

30.     A party is improperly joined if the plaintiff is unable to establish a cause of action against the party in state court. To establish improper joinder, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). If a plaintiff improperly joins a defendant, then the court may disregard the citizenship of that defendant, dismiss the defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a defendant. *Id.*

31.     In most cases, to determine whether the plaintiff has any possibility of recovery against a defendant, the court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law

8

against the in-state defendant. *Id.* (*citing Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)). Federal pleading standards apply to the determination of whether a non-diverse defendant has been improperly joined to defeat diversity jurisdiction. *Int'l Energy Ventures Mgmt., LLC v. United Energy Group Ltd.*, 2016 WL 1274030 (5th Cir. 2016). Where the plaintiff's complaint has misstated or omitted discrete facts that would determine the propriety of joinder, the court may instead pierce the pleadings and conduct a summary inquiry. *Smallwood*, at 573.

32. Plaintiffs do not explain the role of any of the eight Archrock entities, including which of them was DeForest's employer. They make a few global allegations against the "Archrock Defendants," but there is no way to tell which entity is being referred to. *See* Plaintiffs' Original Petition at paragraph VI, parts d-g, and VII, part i.47.

33. All of the remaining claims are even more global, asserted against "Defendants" as a group. *See* Plaintiffs' Original Petition, at paragraphs VII-IX. There is no way to tell which defendant is being referred to.

34. The eight Archrock Defendants were improperly joined because this kind of over-inclusive and non-specific pleading does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6). See *Med. Express, Inc. v. Accuro Med. Prod., LLC*, 2013 WL 12130360, at *4 (W.D. Tex. Jan. 14, 2013) (sweeping assertions of improper conduct by a combination of parties renders defense by an specific individual difficult, and would "expand the concept of notice pleading" too far), *citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding improper joinder where pleadings refer to conduct by "Defendants" that can in no way be attributed to individual defendant agent). *See also Del Castillo v. PMI Holdings North America Inc.*, 2016 WL 3745953, at *13 (S.D. Texas Aug. 18, 2022) (allegations not sufficient to make out a negligence claim because plaintiffs did not distinguish the alleged actions of PMI Holdings from the actions of the other

"PMI defendants," or between the actions of the "PMI defendants" and the actions of the "Pemex defendants"); *Gutierrez v. Allstate Fire and Cas. Ins. Co.*, 2017 WL 2378298, at *4 (N.D. Tex. June 1, 2017) (Fitzwater, J.) (Plaintiff's claims against an individual adjuster were insufficient, in part because the claims repeatedly referred to conduct of the defendants without specifying any conduct undertaken by either one); *Alvarez v. Allstate Fire & Cas. Co.*, No. 3:17-CV-1876-C, 2017 WL 11495453, at 2 (N.D. Tex. Sept. 21, 2017) (claims must be specifically asserted against an individual non-diverse defendant in order for that defendant to be properly joined); *Plascencia v. State Farm Lloyds*, 2014 WL 11474841, at *5 (N.D. Tex. Sept. 25, 2014) (lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.)

**B.     The eight Archrock Defendants were also improperly joined because Plaintiffs' allegations are too conclusory.**

35.     Plaintiffs' allegations are numerous but conclusory. For example, see the first three allegations from paragraph VI. of the Plaintiffs' Original Petition:

- On the occasion in question, Defendants, their agents, servants, and employees created dangerous and hazardous conditions at Compressors #I, #2, and #3.

- The Defendants failed to maintain a safe place to work, failed to train, supervise and enforce safety regulations, and failed to warn of the dangerous conditions existing on said site of which it had actual and contractual control, and failed to train, supervise, and use safe operating procedures thereon.

- The Defendants failed to ensure, maintain, and control a safe work place and failed to properly supervise and inspect the worksite, individuals, equipment, operational procedures and safety policies of the Defendants and/or OSHA.

Plaintiffs make nearly a hundred such allegations, but their numbers do not make up for their lack of specificity.

10

36. These kind of allegations are insufficient to state a cause of action. For example, in *Del Castillo v. PMI Holdings North America Inc*, 2016 WL 3745953 (S.D. Tex., Aug. 18, 2022) (explosion at a natural gas refinery), the court dismissed the following negligence claims (among others), both for being alleged against multiple defendants, and because they were conclusory:

- Failure to provide temperature readings and liquid levels, failure to alert operating personnel of drops in liquid levels, resultant overheating and equipment failures, including holes in the flame tube, corrosion of the piping and separators and associated equipment.

- PeMex, and PMI., along with those responsible for various valves, safety equipment, or safety systems that together or separately failed caused and/or failed to prevent or warn of the impending catastrophic release of gas, explosion and fireball that consumed the plant resulting in numerous deaths, burns and severe injuries and losses.

*Id*., at *13. The court first noted that the allegations were insufficient because they—like those in this case—were made against eight distinct corporate entities, but then stated that even if the allegations were asserted solely against PMI Holdings, they would still fail to state a claim because they consist merely of "'labels and conclusions' " and "'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.*, citing *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-57).

37. The claims in the present case are similar to those in *Del Castillo.*

**C.  Plaintiffs do not allege facts supporting a claim of gross negligence against Archrock Services, LP, DeForest's employer.**

38. As noted above, Plaintiffs' claims against Archrock Services, LP are insufficient both because they are conclusory and because they are lumped together either with the other Archrock entities or with the Defendants in globo. Plaintiffs do not state which, if any, defendant was DeForest's employer, stating only that he was an employee of the "Archrock Defendants." *See* Plaintiffs' Original Petition, at Paragraph VI.c. They also refer to "outside employer

11

Defendants and the onsite employer Defendants" without ever explaining who those defendants are. *See* Plaintiffs' Original Petition, at Paragraph VI.i.68-69.

39. On information and belief, Archrock Services, LP was DeForest's employer. *See* its response to Plaintiffs' Requests for Admission No. 2 (relevant excerpts attached to the declaration of counsel). In addition, on information and belief, Archrock Services, LP was a subscribing employer to the Texas Workers Compensation system. *See* Plaintiff Kelli DeForest's Answer to WPX Interrogatory No. 23, in which she states that Plaintiffs are receiving workers compensation benefits as a result of DeForest's death (attached to the declaration of counsel).

40. Although recovery of workers' compensation benefits is generally a legal beneficiary's exclusive remedy in Texas against the employer for the death of or work-related injury to the employee, the workers' compensation statute does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. *See* TEX. LABOR CODE ANN. § 408.001 (West 2005).

41. Plaintiffs do not allege an intentional act, but they claim the actions of Defendants generally constituted gross negligence, which Texas law defines as follows:

> (11) "Gross negligence" means an act or omission:
>
>> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>>
>> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*See* Section 41.001, TEX. CIV. PRAC. & REM. CODE (2015).

42.     Plaintiffs fail to plead facts showing that Archrock Services LP (or any defendant) had an actual, subjective awareness of a condition with an "extreme degree of risk," and that it was consciously indifferent to that risk. *See O'Malley v. Brown Brothers Harriman & Co*, 2020 WL 1033658 (W.D. Tex. March 3, 2020) (dismissing gross negligence claims for failing to include facts showing a subjective awareness of an extreme degree of risk and a conscious indifference to that risk). *See also Carlton v. Freer Investment Group, Ltd.*, 2017 WL 11046201 (W.D. Tex. August 8, 2017) (dismissing gross negligence claims against a hotel relating to an unsafe retaining wall, because there was no allegation of facts supporting any kind of awareness or knowledge by the defendant).

43.     Nor do Plaintiffs plead facts showing an extreme degree of risk from an objective standpoint, "when viewed objectively from the standpoint of the actor." Instead, Plaintiffs plead a long series of conclusory negligence allegations, none of which inherently involve an extreme degree of risk. For example, Plaintiffs state that the "ARCHROCK DEFENDANTS's energy control procedures did not clearly and specifically outline the scope, purpose, authorization, rules, and techniques to be utilized for the control of hazardous energy." *See* Plaintiffs' Original Petition at Part VI.f.

**D.      Plaintiffs improperly joined Devon Energy Corporation and WPX, Inc.**

44.     Plaintiffs originally sued WPX and two companies related to WPX, Devon Energy Corporation and WPX, Inc. (a misnomer for WPX Energy, Inc.), whom they defined collectively as the "Devon Defendants." *See* Plaintiffs' Original Petition, at page 1. Neither Devon Energy Corporation nor WPX, Inc. (i.e., WPX Energy, Inc.) had any connection to this compression station, except that they are affiliated with WPX. Plaintiffs voluntarily dismissed those claims on

August 19, 2022. Accordingly, their citizenship is not considered in evaluating diversity. Although WPX does not believe they are required to consent to removal, they do consent.

45. Because they have been dismissed from the case, the court need not determine whether they were improperly joined. Out of an abundance of caution, WPX notes that the claims against Devon Energy Corporation and WPX, Inc. are also made collectively and are conclusory, and so are not sufficient to state a claim against them. If the court deems it necessary, WPX can provide evidence of their lack of involvement in the incident that is the basis of the claims by Plaintiffs.

## VI.  VENUE

46. Venue is proper in this district under 28 U.S.C. §1441(a) because the 143rd Judicial District Court, Reeves County, Texas, in which Cause No. 22-06-24447-CVR is pending, lies within the United States District Court for the Western District of Texas, Pecos Division.

## VII.  JOINDER OR CONSENT OF ALL DEFENDANTS

47. For removal under 28 U.S.C. §1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of this action." 28 U.S.C. §1446(b)(2)(A). All defendants properly joined and not previously dismissed have consented to removal of this action, as do Devon Energy Corporation nor WPX, Inc. (i.e., WPX Energy, Inc.).

## VIII.  PROCEDURAL REQUIREMENTS

48. This Notice of Removal is signed by WPX's counsel pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

49. Pursuant to 28 U.S.C. § 1446(d), WPX will give notice of the filing of this Notice of Removal to Plaintiffs and to the 143rd Judicial District Court, Reeves County, Texas, in which

Cause No. 22-06-24447-CVR is pending, by filing a Notice of Filing of Removal and serving this Notice of Filing upon Plaintiffs' counsel.

50. Along with the Notice of Removal, WPX has concurrently tendered the proper filing fee.

51. Pursuant to 28 U.S.C. § 1446(a), the following documents are attached hereto:

    A. All executed process in the case;
    B. Plaintiffs' Original Petition;
    C. Defendant, WPX Energy Permian, LLC's Original Answer to Plaintiffs' Original Petition;
       C-1   Verification in Support of WPX Energy Permian, LLC's Original Answer to Plaintiffs' Original Petition;
    D. Defendant Shirley Buchanan's Original Answer to Plaintiff's Original Petition;
    E. Defendants, Michael McGee's and The Archrock Entities' Original Answer;
    F. State Court Docket Sheet;
    G. Orders in State Court Case;
    H. Notices of Non-Suit in State Court Case;
    I. Index of Matters being Filed;
    J. Notices of Consent to Removal being filed by Michael McGee, Devon Energy Corporation, and WPX Energy, Inc. (misnomered as WPX, Inc.); and
    K. A list of all counsel of record, including addresses, telephone numbers and parties represented.

## PRAYER

WHEREFORE, WPX Energy Permian, LLC requests that the above described action now pending in the 143rd Judicial District Court of Reeves County, Texas be removed to this Honorable Court.

                        Respectfully submitted,

By:    */s/ David L. Pybus*_____
      David L. Pybus
      SBN: 16418900
      Fed ID: 7519
      dpybus@preisplc.com
      1235 North Loop West, Ste 1100
      Houston, Texas 77008
      713-355-6062 (Phone)
      713-572-9129 (Fax)

      **LEAD COUNSEL FOR**
      **WPX ENERGY PERMIAN, LLC**

**OF COUNSEL:**

**PREIS, PLC**
Alasdair A. Roberts
SBN: 24068541
aroberts@preisplc.com
1235 North Loop West, Ste 1100
Houston, Texas 77008
713-355-6062 (Phone)
713-572-9129 (Fax)

**RINCON LAW GROUP, P.C.**
Carlos Rincon
SBN: 16932700
crincon@rinconlawgroup.com
Oscar Lara
SBN: 24078827
olara@rinconlawgroup.com
1014 North Mesa, Ste 200
El Paso, TX 79902
915-532-6800 (Phone)
915-532-6808 (Fax)

## **CERTIFICATE OF SERVICE**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 27th day of July, 2023, a true and correct copy of the above and foregoing was served on all known counsel of record via electronic service, as follows:

LEMONS LAW FIRM
Keith D. Lemons
lemonslaw@mac.com
12881 Old Weatherford Rd.
Aledo, TX 76008-2916

THE HYDE LAW FIRM
Paul D. Hyde
paul@hydefirm.com
827 W. Pearl St.
Granbury, TX 76048

LAW OFFICE OF PAUL PREVITE, PLLC
Paul V. Previte
pprevite@helpmepaul.com
6200 Airport Frwy.
Haltom City, TX 76117

ALVAREZ STAUFFER BREMER PLLC
Graig J. Alvarez
Graig.Alvarez@asb-lawfirm.com
Kara Stauffer
Kara.Stauffer@asb-lawfirm.com
Frank Newton
Frank.newton@asb-lawfirm.com
1301 McKinney St., Ste 1550
Houston, TX 77010

*/s/ David L. Pybus*
David L. Pybus