IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **KELLI DAWN DEFOREST, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JEREMY EDWARD DEFOREST AND ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF JEREMY EDWARD DEFOREST DECEASED;**     *Plaintiff*,<br><br>**v.**<br><br>**WPX ENERGY PERMIAN, LLC, MICHAEL MCGEE, DEVON ENERGY CORPORATION, WPX INC, ARCHROCK, INC, ARCHROCK GP, LLC, ARCHROCK PARTNERS, LP, ARCHROCK SERVICES, LP, ARCHROCK GENERAL PARTNERS, LP, ARCHROCK PARTNERS LEASING, LLC, ARCHROCK PARTNERS OPERATING, LLC, ARCHROCK SERVICES LEASING, LLC, SHIRLEY BUCHANAN,**     *Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ | **P:23-CV-00026-DC** |

# ORDER

In June 2022, Kelli DeForest ("Plaintiff"), a resident of Texas, sued eight Archrock corporate entities, all headquartered in Texas, collectively calling them the "Archrock Defendants," and three other out-of-state corporate entities, which included Defendant WPX Energy Permian LLC, referring to them collectively as the "Devon Defendants." Plaintiff also sued two individuals, Shirley Buchanan and Michael McGhee.

Plaintiff's lawsuit stems from one tragic occurrence. On December 11, 2020, Plaintiff's husband, Jermey DeForest, was working on a compressor station comprised of

three compressors, #1, #2, and #3, which were allegedly owned by the Archrock Defendants and operated by the Devon Defendants. While Jeremy DeForest worked to remove the valve cap from compressor #3, compressor #2 was turned on, creating enough pressure in compressor #3 that the valve cap ejected from its place, striking Jeremy DeForest in the back of the head. The force of the blow killed him.

Plaintiff's suit—originally filed in state court—alleged all Defendants were negligent and grossly negligent, Over time, Plaintiff dismissed her claims against various defendants. Critically, Plaintiff dismissed her claims against Buchanan on June 27, 2023, one year and four days from the day Plaintiff filed in state court. That same day, Defendant WPX removed the case to this court, asserting the Archrock Defendants were improperly joined and that Plaintiff .joined and then dismissed her claims against Buchanan in bad faith to prevent removal.

A few weeks later, Plaintiff moved to remand the case, arguing that WPX's removal was untimely, and even if timely, complete diversity does not exist between the parties. The United States Magistrate Judge's Report and Recommendation ("R&R") concluded that Plaintiff did not act in bad faith, making WPX's removal untimely, and that the Archrock Defendants were not improperly joined.[1] WPX objects to both conclusions.

## LEGAL STANDARD

I. **Objecting to a Magistrate Judge's report and recommendation.**

A party may object to a Magistrate Judge's report and recommendations by filing written objections within 14 days after being served with a copy of the report and

---

[1] Doc. 22.

recommendations.[2] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[3] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[4]

## II.    Motion to remand.

When considering a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction."[5] "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."[6]

When the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, diversity of citizenship must exist at the time of removal.[7] And "a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'"[8] "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[9]

---

[2] 28 U.S.C. § 636(b)(1).
[3] *Id.*
[4] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).
[5] 28 U.S.C. § 1441(a).
[6] *Valencia v. Allstate Texas Lloyd's,* 976 F.3d 593, 595 (5th Cir. 2020) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[7] *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).
[8] *Valencia*, 976 F.3d at 595 (quoting 28 U.S.C. § 1441(a)).
[9] *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

**DISCUSSION**

**I.    Plaintiff's dismissal of Shirely Buchanan was not done in bad faith.**

The Court starts with WPX's objections to the R&R's conclusion that Plaintiff did not join Shirley Buchanan in bad faith and thus its removal from state court was untimely.[10]

"Under 28 U.S.C. § 1446(c), the defendant in a diversity case has one year following the commencement of an action to remove it. But Congress created an exception to this time bar where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[11]

A court's bad-faith inquiry looks at "what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant to prevent a defendant from removing the action."[12] Indeed, "[c]onduct rises to the level of bad faith when a party makes a transparent attempt to avoid federal jurisdiction."[13] The defendant has the "high burden" of showing the plaintiff acted in bad faith.[14] What's more, "courts are reluctant to find a party acted in bad faith without clear and convincing proof."[15]

Here, WPX has not met its "high burden" of showing by "clear and convincing proof" that Plaintiff acted in bad faith to prevent removal. Plaintiff sued on all Defendants, including Buchanan, on June 22, 2023. Less than a year later, Plaintiff's counsel informed

---

[10] Doc. 23 at 6.
[11] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019), *as revised* (Aug. 23, 2019) (citing 28 U.S.C. § 1446(c)(1)).
[12] *Id.* at 293 (internal citations removed).
[13] *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (quoting *Kidwai v. Fed. Nat'l Mortg. Ass'n*, No. SA-13-CV-972-XR, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014)).
[14] *Boney v. Lowe's Home Centers LLC*, No. 3:19-CV-1211-S, 2019 WL 5579206, *2 (N.D. Tex. Oct. 29, 2019).
[15] *Id.* (collecting cases)

4

Buchanan's counsel that Plaintiff intended to nonsuit her claims against Buchanan.[16] On June 16, 2023—seven days *before* WPX's one-year removal deadline—Plaintiff's counsel authorized Buchanan's counsel to file the notice of nonsuit.[17] Yet Buchanan's counsel did not do so until June 27, 2023, four days *after* WPX's removal deadline.[18] Only then did WPX remove the case to this Court.

As noted by the R&R, WPX's argument that Plaintiff acted in bad faith throughout the above timeline doesn't make much sense.[19] For example, Buchanan's nonsuit did not change this case's lack of diversity; the eight Archrock Defendants are all nondiverse entities. So joining and removing Buchanan from the case could not be "conduct meant to prevent a defendant from removing the action" because the parties still lacked diversity regardless of Buchanan's presence in the suit.[20] Likewise, by arguing in its removal that the Archrock Defendants were improperly joined, WPX merely shows it could have pushed for removal at any point before the deadline. Indeed, nothing prevented WPX from removing and making such arguments before the removal deadline.

Or, if the nondiverse Archrock Defendants' presence in the suit was ignored, this Court would have to believe two things to find bad faith: (1) Plaintiff hatched a mastermind, bad-faith plan to use Buchanan to block diversity jurisdiction, and then (2) Plaintiff decided to place the success of her master plan in the hands of Buchanan's counsel by authorizing him to file Plaintiff's nonsuit of Buchannan *seven days before the deadline*. That strains credulity.

---

[16] Doc. 9 at 5–6.(citing Doc. 9, Ex. D).
[17] *Id.*
[18] *Id.*, Ex. E.
[19] Doc. 22 at 10–11.
[20] *Rantz,* 2017 WL 3188415, at *5.

## CONCLUSION

In short, the Court finds WPX has not met its burden of showing by "clear and convncing evidence" that Plaintiff acted in bad faith to prevent it from removing the case. So as 28 U.S.C. § 1447(c) states, because WPX's removal was untimely, "the case shall be remanded."[21] Likewise, even if the evidence were viewed in its best light, the Court still doubts Plaintiff joined and then removed Buchanan in bad faith. And "'any doubt as to the propriety of removal should be resolved in favor of remand.'"[22] Accordingly, the Court overrules WPX's objections and adopts the R&R on this point.[23]

Thus, after performing a de novo review of the entire case file, the Court **ADOPTS** the R&R's findings and recommendations on Plaintiff's Motion to Remand based on Untimely Removal.

It is therefore **ORDERED** that the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 9).

It is also **ORDERED** that this case be remanded to the 143rd Judicial District of Reeves County, Texas.

---

[21] *See also BEPCO, L.P. v. Santa Fe Mins., Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) ("Any order issued on the grounds authorized by Section 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court.") (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006)).

[22] *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

[23] Because WPX's removal was untimely, remand is required. Thus, the Court need not analyze whether the Archrock Defendants were improperly joined. This Court makes no comment on the sufficiency of the allegations contained in Plaintiff's petition. That determination, or whether Plaintiff should be given leave to amend, should be left for the state court after remand.

It is also **ORDERED** that any other pending motions be **DENIED AS MOOT**.

It is so **ORDERED**.

SIGNED this 13th day of February, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE